UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA HELEN LASH,

    Plaintiff,

v.                                              Case. No. 12-13472
                                                Hon. Lawrence P. Zatkoff

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 29, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff filed this action seeking Social Security disability benefits. The matter currently before the Court is Magistrate Judge's Report and Recommendation [dkt 12], in which the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [dkt 9] be denied and Defendant's Motion for Summary Judgment [dkt 11] be granted. Plaintiff has filed objections to the Magistrate's Report and Recommendation [dkt 13]. The Court has thoroughly reviewed the court file, the respective motions, the Report and Recommendation, and Plaintiff's objections. For the reasons discussed below, the Court ADOPTS the Magistrate Judge's Report and Recommendation. Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is GRANTED. The Court will, however, briefly address Plaintiff's objections.

## II. ANALYSIS

Plaintiff raises two objections to the Magistrate Judge's Report and Recommendation. The Court notes at the outset that Plaintiff's Objections are largely based on claims that there is evidence to conflict the ALJ's

relied-upon evidence, or that substantial evidence exists to support a finding in Plaintiff's favor on a particular issue. Even if true, however, these claims are not dispositive if "it is also true that substantial evidence supports [Defendant's] finding." *Casey v. Sec'y of Health & Human Svc's*, 987 F.2d 1230, 1235 (6th Cir. 1993). Thus, to the extent that substantial evidence supports the ALJ's findings, Plaintiff's claims must fail.

### A. FIRST OBJECTION

Plaintiff first objects to the Magistrate Judge's failure to accord controlling weight to the opinions of Plaintiff's treating physician, Dr. Kaufman. Essentially, Plaintiff is repeating the same argument contained in her Motion for Summary Judgement, disputing the ALJ's weighing of the evidence, and objecting to the Magistrate Judge's failure to adopt Plaintiff's views in that regard. Plaintiff further argues in her objections that there is evidence to conflict the ALJ's relied-upon evidence, and that substantial evidence exists to support a finding in Plaintiff's favor on a particular issue. Even if true, however, these claims are not dispositive if "it is also true that substantial evidence supports [Defendant's] finding." *Casey v. Sec'y of Health & Human Svc's*, 987 F.2d 1230, 1235 (6th Cir. 1993). The ALJ showed, and the Magistrate Judge acknowledged, that substantial evidence (in the form of an absence of objective medical findings to support Plaintiff's claims) existed to support the ALJ's conclusions.

### B. SECOND OBJECTION

Plaintiff states that the ALJ noted that Plaintiff "has dizziness and fatigue from medication," but never factored these symptoms into his analysis. From this, Plaintiff objects on the basis that the Magistrate Judge wholly excused the ALJ's omission when she stated that the "ALJ simply concluded based on substantial evidence that the record did not substantiate Plaintiff's contention that side effects from her medicine produced symptomology and caused the disabling effects that she alleged." Plaintiff contends that the ALJ did not make such a finding, but instead ignored Plaintiff's claimed side effects, and questions why the Magistrate Judge failed to explain why Dr. Kaufman's testimony was not substantial evidence of Plaintiff's claimed side effects.

2

The Magistrate Judge, however, was under no obligation to explain why Dr. Kaufman's testimony was not substantial evidence, as there was other "substantial evidence support[ing] [Defendant's] finding." *Casey*, 987 F.2d at 1235. The ALJ acknowledged Plaintiff's claims that she experienced dizziness and fatigue as a result of taking her medication. The Magistrate Judge ultimately found that substantial evidence in the form of Plaintiff's underlying medical records, which the ALJ found to not reflect the severity of her claims, were sufficient for the ALJ to reasonably decline to accept Plaintiff's testimony in this regard. This determination was proper under the circumstances. *See Burns v. Barnhart*, 312 F.3d 113, 130-131 (3d Cir. 2002) (stating that "drowsiness often accompanies the taking of medication, and it should not be viewed as disabling unless the record references serious functional limitations"); *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) (stating that the side effects from medication are not disabling unless the treatment notes corroborate serious functional limitations).

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [dkt 9] is DENIED, and Defendant's Motion for Summary Judgment [dkt 11] is GRANTED.

IT IS SO ORDERED.

Date:  August 29, 2013                         s/Lawrence P. Zatkoff
                                               LAWRENCE P. ZATKOFF
                                               UNITED STATES DISTRICT JUDGE