UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sheila Helen Lash,

    Plaintiff,

v.                                      Case No. 12-13472

Commissioner of Social Security,      Sean F. Cox
                                                     United States District Court Judge

    Defendant.
_____/

**ORDER ADOPTING
REPORT AND RECOMMENDATION**

    Plaintiff Sheila Helen Lash ("Plaintiff") brought this action challenging the Commissioner's decision disallowing benefits. The matter was referred to Magistrate Judge Mona K. Majzoub for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

    The parties subsequently filed cross-motions for summary judgment. In a twelve-page Report and Recommendation ("R&R") issued on June 28, 2013, Magistrate Judge Majzoub recommended that this Court: 1) deny Plaintiff's Motion for Summary Judgment; and 2) grant the Commissioner's Motion for Summary Judgment, thereby affirming the findings and conclusions of the Commissioner.

    Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate

judge's disposition to which specific written objection has been made." *Id*.

Plaintiff filed a timely objection on July 12, 2013. (Docket Entry No. 16). The Commissioner did not file a response. This Court adopted the R&R in an opinion and order dated August 29, 2013. (Docket Entry No. 18). Plaintiff appealed the Court's judgment to the Sixth Circuit Court of Appeals; that Court vacated the August 29, 2013 decision and remanded the matter for consideration of Plaintiff's objection. (Docket Entry No. 25).

In her lone objection, Plaintiff contends that "[t]he Magistrate Judge erred in simply looking to the number of jobs existing in the national economy and finding that a significant number existed without more analysis." (Pl.'s Obj. at 2). Specifically, Plaintiff argues that: (a) controlling case law required the Administrative Law Judge ("ALJ") to conduct further analysis before concluding that a significant number of jobs existed in the national economy; and (b) the magistrate judge relied on inapposite case law when she affirmed the ALJ's conclusion that a significant number of available jobs exist in the national economy.

Under the authority of the Social Security Act, the Social Security Administration utilizes a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a). Although the Plaintiff has the burden of proof at steps one through four, the burden shifts to the Commissioner at step five to demonstrate that the claimant "cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A); *see also Jenkins v. Bowen*, 861 F.2d 1083, 1087 (6th Cir. 1988). "'Work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

In determining whether the pertinent jobs in the national economy are limited and isolated, an ALJ should consider such factors as "the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on." *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988). These factors are, however, "suggestions only–the ALJ need not explicitly consider each factor," and the Social Security Act and corresponding regulations "make it clear that the test is whether work exists in the national economy, not in plaintiff's neighborhood." *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999) (citing *Hall*, 837 F.2d at 275).

In determining whether the Commissioner satisfied step-five of the sequential evaluation process, the ALJ reasoned as follows:

> the [ALJ] asked the vocational expert whether jobs existed in the national economy for an individual with the [Plaintiff]'s age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would have been able to perform the requirements of representative occupations such as 500 surveillance systems monitor jobs in the local economy and 21,000 such jobs nationally, 250 document preparer jobs in the local economy and 30,000 such jobs nationally, and 200 order clerk jobs in the local economy and 16,000 such jobs nationally.
>
> Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.
>
> Based on the testimony of the vocational expert, the undersigned concludes that, through the date last insured, considering the [Plaintiff's] age, education, work experience, and residual functional capacity, the [Plaintiff] was capable of making a successful adjustment to other work that existed in significant numbers in the national economy.

(Docket Entry No. 10, Ex. 1).[1] Plaintiff contends the ALJ failed to properly consider the *Hall* factors when she concluded that Plaintiff could perform 950 jobs in the Southeast Michigan Region or 67,000 jobs nationally. *Id*. The Court disagrees.

As a preliminary matter, the Court notes that the ALJ considered four of the six *Hall* factors. Indeed, the ALJ considered: (a) the level of Plaintiff's disability, *see* Tr. at 266-269; (b) the reliability of the vocational expert's testimony, *see* Docket Entry No. 10, Ex. 1; (c) the reliability of Plaintiff's testimony, *see* Tr. at 267; and (d) the types and availability of work available in the national economy, *see* Docket Entry No. 10, Ex. 1. Therefore, the ALJ's analysis clearly satisfied *Hall*. *See Harmon*, 168 F.3d at 292 (holding that the *Hall* factors are *suggestions* rather than required elements).

Raising the argument for the first time in her Objection, Plaintiff contends that the "low numbers of jobs [relied on by the ALJ], whether considered regionally or nationally, suggest that the jobs were indeed isolated, a factor deemed relevant by *Hall*, or at least the possibility should have been considered." (Pl.'s Obj. at 3-4). "It is axiomatic that 'a court should not consider an argument that has not been raised in the agency proceeding that preceded the appeal.'" *Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 810 (6th Cir. 2012) (quoting *City of Riverview v. Surface Transp. Bd.* 398 F.3d 434, 443-44 (6th Cir. 2005)). Plaintiff was required to raise this issue with the agency but failed to do so during her administrative appeal to the Appeals Council.[2] Therefore, the

---

[1] This portion of the ALJ's decision is omitted from the administrative record but is attached to Plaintiff's Motion for Summary Judgment as Exhibit 1. (Docket Entry No. 10, Ex. 1).

[2] Plaintiff's Request for Review of Hearing Decision/Order makes no reference to the allegedly isolated nature of jobs available in the national economy. Rather, Plaintiff merely argued "[t]he ALJ's decision is contrary to the facts and evidence as presented at the hearing and

Court finds that Plaintiff waived this argument.

Notwithstanding Plaintiff's waiver of this argument, the ALJ was not required to consider whether the jobs existing in the national economy were isolated because an ALJ need not consider each of the factors enumerated in *Hall*. *See Harmon*, 168 F.3d at 292 (citing *Hall*, 837 F.2d at 275). As outlined above, the ALJ considered multiple *Hall* factors, and the ALJ therefore sufficiently considered those factors such that no further analysis was required to conclude that a significant number of jobs existed in the national economy.

Plaintiff further contends that the ALJ's aggregation of job totals of different positions somehow "suggest[s] the jobs were clustered more closely than they actually were when the individual numbers were considered." (Pl.'s Obj. at 4). The Court disagrees. Again, Plaintiff failed to raise this argument during her administrative appeal to the Appeals Council and has therefore waived the argument. Furthermore, Plaintiff cites no legal authority in support of her contention. Finally, courts routinely aggregate numbers of jobs from different categories when determining whether available jobs exist in the national economy. *See Hall*, 837 F.2d at 274 (combining the total number of jobs from four separate categories for the purpose of establishing the existence of available work in the national economy); *Fowler v. Comm'r of Soc. Sec.*, 2014 WL 1304997, at *5 (E.D. Mich. March 31, 2014) (combining the total number of jobs from three separate categories for the purpose of establishing the existence of available work in the national economy); *Taylor v. Comm'r of Soc. Sec.*, 2015 WL 1310802, at *3 (W.D. Mich. March 24, 2015) (combining the total number of jobs from three separate categories for the purpose of establishing the existence of available work in the national economy).

---

Plaintiff is totally disabled from any and all gainful employment." Tr. at 259.

Plaintiff next contends that the magistrate judge relied on inapposite case law when she affirmed the ALJ's conclusion that 950 jobs in the region and 67,000 jobs nationally constituted the existence of a significant number of jobs in the national economy. Plaintiff's argument is meritless. Although there is no "magic number" for determining the number of jobs that constitutes significant work in the national economy, courts have found that as few as 200 regional jobs or 51,000 national jobs constitute significant work in the national economy. *See Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 375 (6th Cir. 2006) (concluding that "870 jobs can constitute a significant number in the geographic region."); *Stewart v. Sullivan*, 1990 WL 75248, at *4 (6th Cir. June 6, 1990) (holding in part "that 125 relevant [regional] jobs can be a significant number of jobs."); *Putnam v. Astrue*, 2009 WL 838155, at *3 (E.D. Tenn. March 30, 2009) (finding that 200-250 regional jobs and 75,000 jobs in the nation constitutes significant work in the national economy) (citing *Craigie v. Bowen*, 835 F.2d 56, 58 (3rd Cir. 1987) (holding that 200 regional jobs constitutes significant work in the national economy)); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (holding that 174 regional jobs and 80,000 jobs in the nation constitutes significant work in the national economy); *McCallister v. Barnhart*, 2004 WL 1918724, at *5 (D.Me. Aug. 26, 2004) (finding that 372 regional jobs and 50,955 jobs in the nation constitutes significant work in the national economy).

In the instant case, the ALJ weighed the evidence, considered multiple *Hall* factors, and concluded that 950 jobs in the region and 67,000 jobs nationally constituted the existence of a significant number of jobs in the national economy. Nothing more was required of the ALJ. *See Hall*, 837 F.2d at 275 ("The decision [of whether work exists in significant numbers] should ultimately be left to the trial judge's common sense in weighing the statutory language as applied

to a particular claimant's factual situation.") The Court therefore concurs with the magistrate judge's conclusion that the ALJ's decision is supported by substantial evidence.

Accordingly, IT IS ORDERED that the Court hereby ADOPTS the June 28, 2013 R&R.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the ALJ's decision is AFFIRMED.

IT IS SO ORDERED.

                                    S/Sean F. Cox
                                    Sean F. Cox
                                    United States District Judge

Dated: June 2, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 2, 2015, by electronic and/or ordinary mail.

                                    S/Jennifer McCoy
                                    Case Manager